M. SMITH, Circuit Judge,
with whom N.R. SMITH, Circuit Judge, joins, concurring with the denial of rehearing en banc:
A majority of this court’s active, nonre-cused judges has wisely declined to vote in favor of rehearing this case en banc.
Our holding in this case is compelled by the Supreme Court’s decision in Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). While Judge Gould clearly favors a different result, his dissent ignores the facts before us, and fails to acknowledge the clear precedent by which we are bound. I offer a few brief thoughts in response to his dissent.
1. Judge Gould’s dissent fails to distinguish Lujan, which established stringent standing requirements for private litigants seeking to challenge the government’s regulation of third parties. Lujan, 504 U.S. at 561-69, 112 S.Ct. 2130.
In Lujan, environmental groups challenged federal regulations that limited the reach of the Endangered Species Act (ESA), and they sought an injunction requiring the Secretary of the Interior to promulgate a new regulation. Lujan, 504 U.S. at 558-59, 112 S.Ct. 2130. The Supreme Court held that the Lujan plaintiffs lacked standing. The Court explained: “when the plaintiff is not himself the object of the government action or inaction he challenges, standing ... is ordinarily substantially more difficult to establish.” Id. at 562, 112 S.Ct. 2130 (internal quotation marks omitted). This is so because when “a plaintiffs asserted injury arises from the government’s allegedly unlawful regulation (or lack of regulation) of someone else ... causation and redressibility ordinarily hinge on the response of the regulated (or regulable) third party to the government action or inaction — and perhaps on the response of others as well.” Id.
Accordingly, where a plaintiff seeks to compel the government to regulate a third party, the plaintiff can only establish standing by demonstrating: (1) that in-junctive relief will cause the government to promulgate new regulations in the plaintiffs favor; and (2) that these regulations will necessarily cause the relevant third parties to adjust their conduct in a manner that will redress the plaintiffs alleged injury. Id. On a motion for summary judg *1077 ment, a party cannot make this showing through “mere allegations, but must set forth by affidavit or other evidence specific facts.” Id. at 561, 112 S.Ct. 2130 (internal quotation marks omitted). Applying this standard, the Supreme Court held that the Lujan plaintiffs lacked standing because, even if the Secretary of the Interior revised his regulation, the plaintiffs failed to show that such revisions would actually change the conduct of third parties. Id. at 563, 568-69, 112 S.Ct. 2130.
2. In this case, Plaintiffs sought an-.injunction requiring the state of Washington to promulgate regulations (RACT standards) governing five oil companies’ greenhouse gas emissions. Accordingly, under Lujan, it was Plaintiffs’ burden to come forward with evidence at the summary judgment stage demonstrating that injunc-tive relief would: (1) cause the Defendant-agencies to promulgate RACT standards that demand cleaner technology than the oil companies currently use; (2) that the oil companies would comply with these new standards; (3) that the oil companies’ compliance would reduce greenhouse gas emissions; and (4) that these lower emissions would mitigate global climate change in a way that would alleviate Plaintiffs’ alleged injuries.
Not only did Plaintiffs fail to introduce evidence satisfying any of these factors, but the state also introduced evidence that “RACT [standards] would likely not result in meaningful greenhouse gas reductions because RACT is a low bar and many sources are likely already meeting or exceeding RACT.” Accordingly, we held that Plaintiffs did not meet their summary judgment burden under Lujan.
3. Judge Gould’s dissent misconstrues Massachusetts v. EPA (Mass. v. EPA), 549 U.S. 497, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007), and ignores one of its key elements. Judge Gould argues that, because the Supreme Court held that the state of Massachusetts had standing in Mass. v. EPA the Washington Environmental Plaintiffs must have standing, as well. He asserts that: (1) in Mass. v. EPA, the Supreme Court found a causal connection between certain greenhouse gas emissions and the state of Massachusetts’ injuries resulting from global climate change; (2) the Washington Environmental Plaintiffs allege that certain greenhouse gas emissions have caused them injuries resulting from global climate change; therefore (3) the Washington Environmental Plaintiffs must have Article III standing. The Supreme Court’s reasoning does not support Judge Gould’s syllogism.
While Mass. v. EPA held that Massachusetts established a causal connection between certain greenhouse gas emissions and its environmental injuries, it expressly applied a relaxed standing analysis based on two crucial characteristics of that case: (1) the asserted injury was an alleged procedural violation, and (2) the action was brought by a sovereign state. Mass. v. EPA, 549 U.S. at 517-20, 127 S.Ct. 1438. Neither factor is present here.
While Judge Gould suggests that Mass, v. EPA’s extensive discussion regarding sovereign states was mere musing, he does not even attempt to respond to the fact that, in Mass. v. EPA the state asserted a procedural injury, rather than a substantive injury. The Clean Air Act (CAA) grants citizens the right to file rulemaking petitions with the EPA, and it “recognize^] a concomitant procedural right to challenge the rejection of [a] rulemaking petition....” Mass. v. EPA, 549 U.S. at 519-20, 127 S.Ct. 1438; see also 42 U.S.C. § 7607(b)(1). In Mass. v. EPA, the state of Massachusetts alleged that the EPA violated the state’s procedural rights by arbitrarily and capriciously denying its *1078 rulemaking petition. Unlike the Lujan and Washington Environmental plaintiffs, the state of Massachusetts did not seek an injunction requiring the EPA to promulgate a new regulation. Massachusetts simply sought an order requiring the EPA to reconsider its rulemaking petition under the appropriate legal standard.
In holding that Massachusetts had standing, the Supreme Court explained that a litigant can “assert [a procedural] right without meeting all of the normal standards for redressibility and immediacy.” Id. at 517-18, 127 S.Ct. 1438 (internal quotation marks omitted). Unlike parties who assert substantive injuries, a litigant “who alleges [a] deprivation of a procedural protection ... never has to prove that if he [ ] receive[s] the procedure the substantive result would [be] altered.” Id. at 518, 127 S.Ct. 1438. Importantly, after holding that Massachusetts had standing, the Supreme Court merely ordered that, on remand, the EPA reconsider the state’s rule-making petition and “ground its reasons for action or inaction in the statute.” Id. at 535, 127 S.Ct. 1438. It is not difficult to see why the “the normal standards for redressibility and immediacy” would be relaxed in a case involving such limited relief. But we have never extended .this relaxed standard to cases, such as this, where litigants fail to invoke a statute’s procedural provisions and instead seek substantive relief in the form of an injunction requiring the government to promulgate particular regulations.
4. Judge Gould suggests that our opinion erects new and inappropriate barriers to environmental litigation. Not so. Our decision rests on a straightforward application of Lujan and Mass. v. EPA. The opinion does nothing to restrict environmental litigation beyond those limitations already established by the Supreme Court. And the opinion leaves open the many doors that previously existed under our case law for governmental entities and private parties to litigate with respect to injuries resulting from global climate change. See, e.g., 42 U.S.C. § 7477 (establishing that “[the Federal Government] shall, and a State may, take such measures, including ... seeking injunctive relief, as necessary .to [enforce the CAA]”); Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-88, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (establishing that private plaintiffs have standing to seek injunctive relief and civil damages for Clean Water Act violations, where the plaintiffs presented “affidavits and testimony” establishing each element of Article III standing); Mass. v. EPA. at 518-20, 127 S.Ct. 1438 (establishing that sovereigns are entitled to “special solicitude in [the Supreme Court’s] standing analysis” with respect to environmental injuries); Citizens for Better Forestry v. U.S. Dep’t of Agric., 341 F.3d 961, 970-71 (9th Cir.2003) (establishing standing for citizens to allege procedural violations of the National Environmental Policy Act’s notice and comment requirements and the ESA’s consultation and biological-assessment requirements). Judge Gould’s concerns regarding the breadth of our opinion are unfounded.
5. Finally, I am perplexed by Judge Gould’s assertion that our opinion “interferes with the principle that individual states can experiment on a tough problem.” While Judge Gould invokes Justice Brandéis’ famous words celebrating states’ prerogative to “serve as [] laboratories] ... [to] try novel social and economic experiments,” New State Ice Co. v. Liebmann, 285 U.S. 262, 311, 52 S.Ct. 371, 76 L.Ed. 747 (1932) (Brandéis, J., dissenting), those words are completely inapposite here.
*1079 This is not a case in which private individuals seek to preclude novel state action. This is a case in which Plaintiffs seek injunctive relief compelling a state to promulgate particular regulations that they claim are required by federal law. Despite Judge Gould’s suggestion to the contrary, no one (other than Plaintiffs) seeks to interfere with Washington’s ability to “experiment on a tough problem.” If anything, our application of Lujan’s rigorous standing requirement safeguards Washington’s power to do so.
For these reasons, and those more fully discussed in our opinion, I concur with the decision of the majority of this court’s active, nonrecused judges to deny rehearing en banc.